UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GUTTINGER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION d/b/a JAKE'S 58, JAKE'S 58 CASINO & HOTEL, and JAKE'S 58 HOTEL & CASINO,<br><br>*Defendant.* | COLLECTIVE ACTION COMPLAINT<br><br>Civil Docket No. 2:26-cv-06860<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff KEVIN GUTTINGER ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this Collective Action Complaint against Defendant SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION d/b/a JAKE'S 58, JAKE'S 58 HOTEL & CASINO, and JAKE'S 58 CASINO & HOTEL ("Defendant" or "Jake's 58"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), to recover tips unlawfully kept by Defendant by permitting managers or supervisors to receive portions of employee tips through a mandatory tip pool, and to redress Defendant's retaliation against Plaintiff for complaining about Defendant's unlawful tip-pool practices, together with liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

2. Plaintiff brings his federal tip-retention claim individually and on behalf of similarly situated hourly-paid tipped employees employed by Defendant at its Islandia, New York facility.

3. Plaintiff also brings an individual retaliation claim under 29 U.S.C. §§ 215(a)(3) and 216(b) based on Defendant's termination of Plaintiff after he complained about Defendant's tip-pool practices, including the participation of managers and supervisors in the tip pool.

4. Defendant requires hourly-paid tipped employees to participate in a mandatory tip pool.

5. Defendant collects, controls, pools, calculates, and distributes tips received by hourly-paid tipped employees through its payroll practices.

6. Defendant includes managers and/or supervisors in the mandatory tip pool.

7. Defendant requires hourly-paid tipped employees to share tips with managers and/or supervisors who are prohibited from keeping any portion of employees' tips under the FLSA.

8. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following FLSA Collective:

> *All hourly-paid tipped employees employed by Suffolk Regional Off-Track Betting Corporation d/b/a Jake's 58 at its Islandia, New York facility who were required to participate in Defendant's mandatory tip pool during any workweek in which managers or supervisors participated in that tip pool, at any time during the three years preceding the commencement of this action through the date of judgment.*

9. Plaintiff, on behalf of himself and all other similarly situated employees who opt into this action, seeks all tips unlawfully kept by Defendant, liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA. Plaintiff also seeks all legal and equitable relief available for Defendant's retaliation, including lost wages and employment

benefits, an additional equal amount as liquidated damages, and all other appropriate relief individually.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because those claims arise under federal law.

11. This Court has personal jurisdiction over Defendant because Defendant is organized under New York law, operates in New York, employs workers in New York, and committed the FLSA violations alleged herein in New York.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2) because Defendant resides in this District for venue purposes and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

13. Plaintiff worked for Defendant at Jake's 58 in Islandia, New York.

14. Defendant operates Jake's 58 at 3635 Express Drive North, Islandia, New York 11749.

15. Islandia, New York is located in Suffolk County, within the Eastern District of New York.

**PARTIES**

***Defendant***

16. Defendant Suffolk Regional Off-Track Betting Corporation is a New York public benefit corporation organized under New York law.

17. Defendant does business as Jake's 58, Jake's 58 Hotel & Casino, and Jake's 58 Casino & Hotel.

18. Defendant owns, operates, controls, and/or manages Jake's 58, located at 3635 Express Drive North, Islandia, New York 11749.

19. Jake's 58 is a casino hotel that operates gaming, hotel, dining, customer-service, and related business operations in Islandia, New York.

20. Defendant employs hourly-paid employees at Jake's 58.

21. Defendant employs hourly-paid tipped employees at Jake's 58.

22. Defendant employed Plaintiff during the relevant period.

23. At all relevant times, Defendant has been Plaintiff's employer and the employer of members of the FLSA Collective within the meaning of the FLSA.

24. At all relevant times, Defendant has had the power to hire and fire employees, set employee schedules, control employee work, determine employee pay practices, maintain payroll records, and administer the tip-pool practices challenged in this action.

***Plaintiff***

25. Plaintiff Kevin Guttinger is a former employee of Defendant.

26. Plaintiff worked for Defendant at Jake's 58 in Islandia, New York.

27. Plaintiff worked on the casino side of Jake's 58.

28. Plaintiff worked as a Cage Cashier.

29. Plaintiff's duties included customer-facing cashier work involving vouchers, tickets, money, and related casino transactions.

30. Defendant employed Plaintiff from approximately March 2022 through approximately November 1, 2024.

31. Defendant paid Plaintiff on an hourly basis.

32. Plaintiff's hourly rate was approximately $18.00 per hour during at least part of his employment.

33. Plaintiff also received tips and tip-pool payments.

34. At the time his employment ended, Defendant had not paid Plaintiff all tips to which he was entitled under the FLSA as a result of Defendant's challenged tip-pool practices.

## FACTUAL ALLEGATIONS

### Defendant's Operations and Workforce

35. Defendant operates a casino-hotel business known as Jake's 58.

36. Jake's 58 includes casino operations, hotel operations, customer-facing gaming operations, dining, promotions, loyalty-program services, and related services.

37. Defendant employs more than one hundred (100) employees.

38. Defendant employs hourly-paid tipped employees, including employees who interact with customers in connection with casino operations.

39. Defendant maintains payroll, scheduling, timekeeping, and employment records for hourly-paid tipped employees at Jake's 58.

40. Defendant maintains and/or administers pay practices applicable to hourly-paid tipped employees at Jake's 58, including the tip-pool practices challenged in this action.

41. Defendant is an enterprise engaged in commerce within the meaning of the FLSA.

42. Defendant has employees engaged in commerce or handling goods, materials, supplies, money, vouchers, payment systems, communications systems, and other instrumentalities or items that moved in or are used in interstate commerce.

43. Defendant's annual gross volume of sales made or business done is not less than $500,000.

**Hourly-Paid Tipped Employees**

44. Hourly-paid tipped employees at Jake's 58 receive tips and gratuities from customers.

45. Hourly-paid tipped employees include, among others, cage cashiers and floor attendants.

46. Cage cashiers perform customer-facing cashier work involving vouchers, tickets, money, and related casino transactions.

47. Floor attendants perform customer-facing work involving customers' tickets, vouchers, and related casino transactions.

48. Customers leave cash tips and gratuities for hourly-paid tipped employees.

49. Tips, gratuities, and tip-pool payments are a substantial part of compensation for hourly-paid tipped employees.

**Defendant's Mandatory Tip-Pool Practice**

50. Defendant requires hourly-paid tipped employees to participate in a mandatory tip pool.

51. Defendant requires hourly-paid tipped employees to turn over customer tips for inclusion in the tip pool.

52. Hourly-paid tipped employees are required to turn over all or substantially all customer cash tips collected during their shifts.

53. At the end of shifts, hourly-paid tipped employees turn over tip cups and/or customer tips to supervisors.

54. Supervisors collect the tips, place them into bags, boxes, lock boxes, or similar containers, and control the tips before they are counted and redistributed.

55. Supervisors count or participate in counting customer tips, or cause customer tips to be counted, after hourly-paid tipped employees turn over the tips.

56. Supervisors send or cause the cash to be sent to Defendant's bank, banking department, or another department responsible for handling tip-pool cash.

57. Supervisors prepare, send, or cause tip-count slips, records, or related information to be sent to accounting, payroll, finance, or another department responsible for tip-pool calculations.

58. Defendant calculates tip-pool distributions on a weekly basis.

59. The weekly tip-pool period generally runs from Monday through Sunday.

60. Defendant calculates a weekly tip rate by comparing the total tip pool to the total hours credited for participants in the pool.

61. Defendant pays each tip-pool participant a tip-pool amount based on the weekly tip rate multiplied by the participant's hours for the week.

62. Defendant distributes tip-pool payments through regular payroll.

63. Tip-pool payments appear on employee pay statements as tips, tip-pool payments, or similar payroll entries.

64. The tip pool is large and recurring.

65. In many weeks, the tip pool exceeds $50,000.

66. The tip pool affects more than 50 employees.

**Supervisor Participation in the Tip Pool**

67. Defendant includes managers, supervisors, and/or other employees with managerial authority in the tip pool.

68. Tip-pool participants include cage supervisors.

69. Tip-pool participants include floor supervisors and/or supervisors of floor attendants.

70. Supervisors who receive tip-pool distributions have authority over hourly-paid tipped employees.

71. Cage supervisors and floor supervisors who received tip-pool distributions directed the work of hourly-paid tipped employees in their respective departments and possessed authority or input concerning hiring, firing, and discipline.

72. Supervisors who receive tip-pool distributions are part of Defendant's management structure.

73. Supervisors who receive tip-pool distributions do not contribute customer tips to the pool in the same manner as hourly-paid tipped employees.

74. Supervisors who receive tip-pool distributions do not customarily and regularly receive customer tips in the same manner as cage cashiers, floor attendants, and other hourly-paid tipped employees.

75. Supervisors who receive tip-pool distributions control, handle, count, report, and/or cause the counting or reporting of customer tips that are later distributed through the tip pool.

76. Defendant thereby permits employees with managerial authority to keep portions of tips received by hourly-paid tipped employees.

77. Defendant added supervisors to the tip pool in or around January 2022.

78. Defendant added supervisors to the tip pool instead of providing increased supervisor compensation directly from Defendant's own funds.

79. Defendant's practice shifts part of the cost of supervisor compensation from Defendant to hourly-paid tipped employees' gratuities.

80. As a result, hourly-paid tipped employees receive less in tips than they would have received if Defendant excluded managers, supervisors, and other ineligible employees from the tip pool.

81. Defendant's inclusion of managers and supervisors in the tip pool increased the total hours used to calculate the weekly tip rate, thereby reducing the hourly tip rate and corresponding tip distributions paid to Plaintiff and other hourly-paid tipped employees.

**<u>Tip-Pool Transparency and Records</u>**

82. Defendant controls the records and information necessary to determine the full amount of tips collected and redistributed through the tip pool.

83. Hourly-paid tipped employees do not receive complete transparency into the amounts collected from their own tips, tip cups, or customer transactions.

84. Hourly-paid tipped employees do not receive complete transparency into the total tips collected each day.

85. Hourly-paid tipped employees do not receive complete transparency into the total tips collected each week.

86. Hourly-paid tipped employees do not receive complete transparency into the identities, job titles, duties, authority, or hours of all employees included in the tip pool.

87. Hourly-paid tipped employees do not receive complete transparency into the calculations used to determine weekly tip-pool distributions.

88. Defendant's payroll, tip-pool, accounting, banking, scheduling, timekeeping, and personnel records can identify, or are expected to identify, the amounts collected, the employees included, the hours credited, the weekly rate, and the amounts distributed.

**<u>Defendant's Knowledge and Willfulness</u>**

89. Defendant knew or should have known that hourly-paid tipped employees received tips and gratuities from customers.

90. Defendant knew or should have known that federal law restricts employer retention, diversion, and redistribution of employee tips and gratuities.

91. Defendant knew or should have known that supervisors and/or other employees with managerial authority participated in the tip pool.

92. Defendant knew or should have known that supervisors collected, controlled, counted, reported, and/or caused the counting or reporting of tips that were later distributed through the tip pool.

93. Defendant knew or should have known that supervisors received portions of customer tips through payroll.

94. Plaintiff complained to Defendant's managers and/or supervisors that Defendant's tip-pool practices were unlawful, including that managers and supervisors should not receive portions of employee tips through the mandatory tip pool.

95. When Plaintiff complained to certain supervisors that their participation in the tip pool was unlawful, some acknowledged that the practice might violate the law but stated that Defendant nevertheless continued administering the tip pool in that manner.

96. Defendant knew or recklessly disregarded that its tip-pool practices caused hourly-paid tipped employees to lose tips and gratuities that belonged to them.

97. Defendant's tip-pool violations were willful within the meaning of the FLSA.

**Plaintiff's Protected Complaints and Retaliatory Termination**

98. During his employment, Plaintiff complained to Defendant's managers and/or supervisors that Defendant's tip-pool practices were unlawful, including that managers and supervisors should not receive portions of employee tips through the mandatory tip pool.

99. On or about February 16, 2024, Plaintiff met in person with members of Defendant's upper management and Human Resources, including Daniel Fried, Craig Hoffman, and Lora Gellerstein, and formally complained about Defendant's tip-pool practices and communicated his belief that those practices were unlawful.

100. During that meeting, Plaintiff communicated that he believed Defendant's tip-pool practices were unlawful.

101. Plaintiff also raised concerns regarding Defendant's tip-pool practices on other occasions during his employment.

102. Defendant, through its upper management and Human Resources personnel, knew that Plaintiff had complained about Defendant's tip-pool practices.

103. On or about November 1, 2024, Defendant terminated Plaintiff's employment.

104. Defendant terminated Plaintiff because of and in retaliation for Plaintiff's complaints concerning Defendant's unlawful tip-pool practices.

105. As a result of Defendant's retaliatory termination, Plaintiff lost wages, employment benefits, and other compensation.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

106. Plaintiff brings Count I as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the FLSA Collective defined above. Plaintiff brings his retaliation claim individually.

107. Members of the FLSA Collective are similarly situated to Plaintiff because they are or were hourly-paid tipped employees at Jake's 58 who were required to participate in Defendant's mandatory tip pool during periods in which managers or supervisors received portions of that pool.

108. Members of the FLSA Collective are similarly situated because they are or were subject to Defendant's common tip-pool practices.

109. Members of the FLSA Collective are similarly situated because Defendant required hourly-paid tipped employees to turn over customer tips for inclusion in the tip pool.

110. Members of the FLSA Collective are similarly situated because Defendant collected, controlled, pooled, calculated, and redistributed their tips through its payroll practices.

111. Members of the FLSA Collective are similarly situated because supervisors and/or other employees with managerial authority received portions of the tip pool.

112. Members of the FLSA Collective are similarly situated because Defendant's payroll, tip-pool, timekeeping, scheduling, and personnel records can identify, or are expected to identify, the employees included in the tip pool, the amounts collected, the hours credited, the weekly tip rate, and the amounts distributed.

113. Plaintiff's FLSA tip-retention claim and the claims of members of the FLSA Collective arise from the same policies and practices and involve common questions of law and fact.

114. Court-authorized notice is appropriate so that similarly situated employees may receive notice of this action and make an informed decision whether to file written consents to join.

**COUNT I**
**(Brought Individually and as a Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 203(m)(2)(B) and 216(b)**
**UNLAWFUL RETENTION OF TIPS**

115. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

116. Plaintiff brings this Count under the FLSA on behalf of himself and the FLSA Collective.

117. Defendant was Plaintiff's employer within the meaning of the FLSA.

118. Defendant was the employer of members of the FLSA Collective within the meaning of the FLSA.

119. The FLSA prohibits an employer from keeping tips received by employees for any purpose, including by allowing managers or supervisors to keep any portion of employees' tips.

120. Under 29 C.F.R. §§ 531.52(b)(2) and 531.54(b)(1), an employer may not permit managers or supervisors to retain portions of other employees' tips through a mandatory tip pool.

121. Defendant required hourly-paid tipped employees to participate in a mandatory tip pool.

122. Defendant collected, controlled, pooled, calculated, and redistributed employee tips.

123. Defendant allowed supervisors and/or other employees with managerial authority to receive portions of employee tips through the tip pool.

124. By permitting managers and supervisors to receive distributions from the mandatory tip pool, Defendant unlawfully retained or diverted portions of employee tips that otherwise would have been distributed to Plaintiff and other hourly-paid tipped employees in violation of the FLSA.

125. Defendant's violations were willful.

126. Pursuant to 29 U.S.C. § 216(b), Plaintiff and members of the FLSA Collective who opt into this action are entitled to recover the tips unlawfully kept by Defendant, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

**COUNT II**
**(Brought Individually)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 215(a)(3) and 216(b)**
**RETALIATION**

127. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

128. Defendant was Plaintiff's employer within the meaning of the FLSA.

129. The FLSA prohibits an employer from discharging or otherwise discriminating against an employee because the employee has filed a complaint under or related to the FLSA.

130. Plaintiff engaged in protected activity by complaining to Defendant's managers and/or supervisors that Defendant's tip-pool practices were unlawful, including that managers and supervisors should not receive portions of employee tips through the mandatory tip pool.

131. On or about February 16, 2024, Plaintiff met in person with members of Defendant's upper management and Human Resources and formally complained about Defendant's tip-pool practices and communicated his belief that those practices were unlawful.

132. Plaintiff also raised concerns regarding Defendant's tip-pool practices on other occasions during his employment.

133. Defendant, through its upper management and Human Resources personnel, knew of Plaintiff's protected complaints concerning its tip-pool practices.

134. Defendant thereafter terminated Plaintiff's employment on or about November 1, 2024.

135. Defendant terminated Plaintiff because of and in retaliation for Plaintiff's protected complaints concerning Defendant's tip-pool practices.

136. Defendant thereby violated 29 U.S.C. § 215(a)(3).

137. As a result of Defendant's retaliation, Plaintiff suffered lost wages, lost employment benefits, and other damages.

138. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to such legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA's anti-retaliation provision, including lost wages, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. Certifying Count I as a collective action under 29 U.S.C. § 216(b);

B. Authorizing notice to members of the FLSA Collective and permitting similarly situated employees to opt in to this action;

C. Ordering Defendant to disclose, in a reasonably usable electronic format, the names, last-known addresses, telephone numbers, email addresses, dates of employment, job titles, and work locations of members of the FLSA Collective;

D. Declaring that Defendant's tip-pool and tip-retention practices violate the FLSA;

E. Finding that Defendant's FLSA tip-retention violations alleged in Count I were willful;

F. Awarding Plaintiff and members of the FLSA Collective who opt in to this action all tips unlawfully kept, retained, or diverted by Defendant;

G. Awarding Plaintiff such legal and equitable relief as is appropriate under 29 U.S.C. § 216(b) for Defendant's retaliation, including lost wages and employment benefits, an additional equal amount as liquidated damages, reinstatement or other appropriate equitable relief, and all other relief available under the FLSA;

H. Awarding Plaintiff and members of the FLSA Collective who opt into this action an additional equal amount as liquidated damages under the FLSA on Count I;

I. Awarding pre- and post-judgment interest to the extent permitted by law;

J. Awarding reasonable attorneys' fees and costs; and

K. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: October 26, 2026 **By:** /s/ Nicholas Conlon

Nicholas Conlon (#5257092)
Michael Rinderman (*Pro Hac Vice* Pending)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Counsel for Plaintiff*